UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Roderick Hymon, | Case No.: 2:23-cv-01404-APG-NJK |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Clark County, et al., | |
| Defendants | |

Plaintiff Roderick Hymon brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while detained at Clark County Detention Center.[1] On May 22, 2024, the magistrate judge ordered Hymon to either pay the full $403 filing fee or file a new application to proceed in forma pauperis for non-inmates and update his address by June 21, 2024.[2] That deadline expired without payment of the filing fee, a new application to proceed in forma pauperis, or an updated address from Hymon, and his mail from the court is being returned as undeliverable.[3]

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to obey a court order or comply with local

---

[1] ECF No. 1-1 at 1.

[2] ECF No. 4.

[3] *See* ECF No. 5.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

rules.[5]  In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Hymon's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9]  Because this court cannot operate without collecting reasonable fees, and this action cannot realistically proceed without the ability for the court and the defendants to send Hymon case-related documents, filings, and orders, the only

---

[5] *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[6] *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Hymon is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.  Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. I therefore order that this action is dismissed without prejudice based on Roderick Hymon's failure to either pay the $403 filing fee or file an application to proceed in forma pauperis for non-inmates and file an updated address in compliance with this court's May 22, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Roderick Hymon wishes to pursue his claims, he must file a complaint in a new case, either pay the required filing fee or properly apply for in forma pauperis status, and provide the court with his current address.

I order that the motion to consolidate (ECF No. 3) is denied as moot.

Dated: July 8, 2024

_____
U.S. District Judge

3